UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and ) | | |
| LABORERS' WELFARE FUND OF THE ) | | |
| HEALTH AND WELFARE DEPARTMENT ) | | |
| OF THE CONSTRUCTION AND GENERAL ) | | |
| LABORERS' DISTRICT COUNCIL OF CHICAGO ) | | |
| AND VICINITY, and JAMES S. JORGENSEN, ) | | |
| Administrator of the Funds, ) | No. 09 C 7601 | |
| ) | | |
| Plaintiffs, ) | | |
| v. ) | | |
| ) | Judge Joan B. Gottschall | |
| THOS. M. MADDEN CO., an Illinois corporation, ) | | |
| and ROBERT J. MADDEN, JR., individually, ) | | |
| ) | | |
| Defendants. ) | | |

**MEMORANDUM OPINION AND ORDER**

Laborers' Pension Fund, *et. al.* ("the Fund") brought this action against Robert J. Madden, Jr. ("Madden") and Thos. M. Madden Co. (the "Company") under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(e)(1)–(2), 1145 (2006), and the Labor Management Relations Act as amended ("LMRAA"), 29 U.S.C. § 185 (2006), seeking recovery of $116,067.77.[1]  Before the court is the Fund's motion for summary judgment as to Madden.

I.     LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of material fact is genuine only if "the evidence is such that a

---

[1]     Of the sum sought, $94,804.33 represents unpaid contributions and liquidated damages owed by the Company on its Installment Note, $16,563.44 is unpaid wages owed Union employees, and $4,700 is attorneys' fees.

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A moving party is entitled to summary judgment if the nonmovant is unable to point to evidence beyond the pleadings sufficient to establish all essential elements of the claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). This is so because "[i]n such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23. Madden has elected not to respond to the Fund's Local Rule 56.1(a)(3) statement. Accordingly, the facts contained in the statement are deemed admitted. *See* L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."). Even so, the court must view the facts in the light most favorable to Madden. *See Yancick v. Hanna Steel Corp*, --- F.3d ----, No. 10-1368, 2011 WL 3319568, at *11 (7th Cir. Aug. 3, 2011) (citing *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006)). Thus, Madden's failure to respond does not relieve the Fund from establishing the propriety of summary judgment on the undisputed facts. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006) ("[A] nonmovant's failure to respond to a summary judgment motion . . . does not . . . automatically result in judgment for the movant. [The movant retains the] ultimate burden of persuasion [and must] show it is entitled to judgment as a matter of law." (citing *Reales v. Consol. Rail Corp.*, 84 F.3d 993, 997 (7th Cir. 1996), and *Wienco, Inc. v. Katahn Assocs., Inc*., 965 F.2d 565, 568 (7th Cir. 1992)).

## II.  BACKGROUND

Given the foregoing, the following facts are admitted: The Fund, a multiemployer plan, is authorized to receive and administer pension, training, and welfare funds for employees of the

Company and other businesses in the same field who are members of the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). It is also authorized to collect contributions for several other funds and associations. The Union has an existing Collective Bargaining Agreement ("CBA") with the Illinois Road and Transportation Builders Association ("IRBA"). As a member of IRBA, the Company is obligated to abide by the terms of the CBA. The terms of the CBA dictate the parameters for the Company's contributions to the Fund. The Company was delinquent on its payments to the Fund from January 2006 through 2009. As a result, the Fund sued the Company and Madden on November 30, 2009 seeking payment of the amounts due from the defendants. In its amended complaint, the Fund (a) alleged that it had entered into an Installment Note (the "Note") with the Company on March 18, 2010 to pay off the Company's outstanding welfare and pension obligations and resolve this litigation, (b) claimed, *inter alia*, that Madden had defaulted on the Guaranty, and (c) claimed that unpaid wages due pursuant to, *inter alia*, the Guaranty. At the same time the Note was signed, Madden signed a Guaranty of Payment and Indemnification Agreement (the "Guaranty"). The Guaranty indicated that:

> Guarantor [Madden] also agrees to be personally liable for all monthly benefit contributions, union dues and/or wages owed from the Company to the Funds, the District Council, all ancillary funds, and/or the participants that are due at the time the Note and Guaranty are entered into and/or incurred and become due and owing for the duration of the Note, including all interest, liquidated damages, audit costs, attorneys' fees and costs.

The Company has failed to make payments to the Note, which has a balance of $94,804.33.

An outside accounting firm conducted a wage audit on the Company from June 2009 to April of 2010. The audit showed that the Company was not paying the proper wage scale and thus underpaid its employees by $16,563.33. The CBA gives the Fund authority to collect unpaid wages.

The Fund also claims an expenditure of $4,700 in attorney's fees incurred during the course of this litigation that was not already accounted for in the Note. These fees were detailed by the Fund in an affidavit submitted with its motion for summary judgment. (*See* ECF No. 35 at 79-87.)

The Company entered Chapter 11 Bankruptcy (since converted to Chapter 7) before the down payment on the Note could be paid. The Fund appealed to the bankruptcy court to lift the automatic stay required by 11 U.S.C. § 362. On November 22, 2010, the bankruptcy court did so, allowing the Fund to liquidate its claim as to the Company and pursue judgment solely against Madden as an individual.

### III.    ANALYSIS

Multiemployer plans are authorized to bring suit as fiduciaries under section 1132(e) of Title 29 of the United States Code. *Line Constr. Benefit Fund v. Allied Elec. Contractors*, 591 F.3d 576, 579-80 (7th Cir. 2010). Congress has given these designated collectors of ERISA funds the right to sue for contributions owed under a CBA. *Id.* Thus, the Fund is authorized to bring suit to collect money owed by the Company under the terms of the CBA between IRBA and the Union.

Moreover, the terms of the Note and Guaranty obligate Defendant Madden to pay the outstanding balance of the note, as well as any unpaid wages or attorney's fees. As Madden has failed to do so, this action can be construed as a simple breach of contract case. Indeed, Madden does not dispute the Fund's contention that he owes the money as Guarantor.

*A.    Delinquent Contributions*

The Fund is thus entitled to summary judgment against Madden for the outstanding claims on the Note, which amount to $94,804.33.

B.  *Unpaid Wages*

This court is tasked with adjudicating contract suits between labor and management by section 301 of the Labor Management Relations Act. 29 U.S.C. § 185. The terms of the Guaranty hold Madden personally liable for the underpayment of wages as revealed by the audit. In light of this breach by Madden and his failure to dispute the amount, the Fund is entitled to summary judgment on its claim of $16,563.44 for back wages.

C.  *Attorney's Fees*

Lastly, "[w]hen a trustee of an ERISA benefit plan prevails in an action to recover delinquent contributions, the district court is required to award 'reasonable attorney's fees.'" *Anderson v. AB Painting & Sandblasting, Inc.*, 578 F.3d 542, 544 (7th Cir. 2009) (quoting 29 U.S.C. § 1132(g)(2)(D)). Because the Fund has prevailed in its ERISA action, because Madden does not dispute the amount the Fund is claiming in fees, and because the amount appears reasonable, the Fund is similarly entitled to its $4,700 in claimed attorney's fees.

### IV.  CONCLUSION

For the reasons stated above, the Funds' motion for summary judgment against Madden is granted. The Fund is awarded $116,067.77 in unpaid contributions, wages, and attorneys' fees and expenses.

ENTER:

                                                       /s/
                                      JOAN B. GOTTSCHALL
                                      United States District Judge

DATED: September 21, 2011